2005 SD 111

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**John Stevenson LEWIS, Defendant and Appellant.**

**No. 23480.**

Supreme Court of South Dakota.

Considered on Briefs on Oct. 3, 2005.

Decided Nov. 9, 2005.

---

Lawrence E. Long, Attorney General, Sherri Sundem Wald, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Scott B. Carlson, Minnehaha County Public Defender, Sioux Falls, South Dakota, Attorneys for defendant and appellant.

PER CURIAM.

[¶ 1.] John Lewis appeals his convictions for two counts of attempted murder, two counts of aggravated assault, commission of a felony while armed with a firearm, possession of a controlled weapon, possession of methamphetamine and five counts of possession of stolen property, contending there was insufficient evidence to support the jury's verdict. We affirm.

## FACTS

[¶ 2.] On the evening of February 2, 2004, Sioux Falls police officers Michael Iverson and Scott Reitmeier were patrolling storage sheds. There had been break-ins reported in the area and they were looking for anything suspicious. The officers came across a black truck near one of the storage sheds. The officers observed Lewis trying to close the door to a storage shed but he was having difficulty because of a large amount of snow and ice. Reitmeier called dispatch to report the encounter but was unable to read the license number on the pickup. Reitmeier exited the vehicle and removed the snow from the plate and called in the license number. Iverson made contact with Lewis and discussed the prior break-ins and also asked Lewis for identification. Lewis did not produce identification but instead asked why he was being harassed. Iverson observed a shotgun in the pickup and asked Lewis his purpose for possessing the weapon. Lewis indicated the shotgun was for self-defense.

[¶ 3.] Based on the presence of the weapon and Lewis' increasingly irate behavior, Iverson asked Lewis if he had any other weapons. Lewis indicated he did not. At this point, Iverson informed Lewis he was going to pat him down for weapons. Lewis turned, pushed Reitmeier and attempted to flee. Reitmeier grabbed Lewis and took him to the ground where a struggle ensued. Iverson also became engaged in the struggle but Lewis continued to resist the officers. The officers were able to handcuff Lewis' left wrist and were physically on top of him. Lewis' right hand remained free and the officers were unable to control him. Lewis insisted he was cooperating while struggling with the officers.

[¶ 4.] During the struggle a gunshot was fired. Reitmeier indicated the bullet went past his head. It was clear the shot was fired from underneath the officers as they observed a puff of smoke and the smell of gunpowder. The struggle continued and Reitmeier saw a silver pistol in Lewis' hand. Lewis repeatedly threatened to pull the trigger again. Unable to control the situation, Iverson instructed Reitmeier to get to the squad car for safety. Once Reitmeier was safely away from the struggle, Iverson pushed off Lewis and ran while going for his weapon. Lewis squared his body to the officers and Reitmeier, who was already in a defensive position, fired three shots at Lewis. Iverson was unclear where the shots came from and Lewis was still moving. Iverson fired two additional shots. One shot hit Lewis in the side and exited his body. The other shot hit a pistol holstered underneath Lewis' shoulder. Lewis had three guns in his possession, one holstered under each shoulder and a third gun that was in his hand and fired during the struggle. Lewis also had a satchel containing methamphetamine around his neck, two knives and clips of spare ammunition.

[¶ 5.] Six bullets were discovered at the scene, five belonging to the officers and one from the gun taken from Lewis. The bullet fired from Lewis' gun traveled at an upward angle into a storage shed. Gunshot residue was also found on Lewis' palm. Search warrants were subsequently executed on the truck and the storage shed. Searches revealed a large amount of stolen weapons, ammunition, an illegally altered shotgun and information that the truck was stolen.

[¶ 6.] Lewis was indicted for two counts of attempted murder, two counts of aggravated assault on a law enforcement officer, committing a felony while armed with a firearm, possession of a controlled weapon (illegally altered shotgun), possession of a controlled substance (metham-

phetamine) and five counts of possession of stolen property. The jury returned guilty verdicts on all counts.[1] Lewis appeals.

## ANALYSIS

### ISSUE

■ [¶ 7.] **Whether there was sufficient evidence to support the jury's verdict.**[2]

■ [¶ 8.] This Court's standard of review in a challenge to the sufficiency of the evidence is well settled:

> In determining the sufficiency of the evidence on appeal in a criminal case, the issue before this Court is whether there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. In making that determination, we accept the evidence and the most favorable inferences fairly drawn therefrom, which will support the verdict. Moreover, the jury is . . . the exclusive judge of the credibility of the witnesses and the weight of the evidence. Therefore, this Court does not resolve conflicts in the evidence, or pass on the credibility of witnesses, or weigh the evidence.

*State v. Pasek*, 2004 SD 132, ¶ 7, 691 N.W.2d 301, 305 (citations omitted).

■ [¶ 9.] Lewis argues there was no direct evidence that he knowingly possessed the stolen property, that he aimed his weapon at the officers or that they were in danger of being shot. However, under our standard of review "[n]o guilty verdict will be set aside if the evidence, including circumstantial evidence and reasonable inferences drawn therefrom, sustains a reasonable theory of guilt." *State v. Holway*, 2002 SD 50, ¶ 11, 644 N.W.2d 624, 628 (citing *State v. Buchholz*, 1999 SD 110, ¶ 33, 598 N.W.2d 899, 905). In this case, there is ample evidence to support the jury's verdict.

[¶ 10.] Lewis attempted to flee the officers after their initial questioning. Once he was engaged in a struggle on the ground with the officers he fired a shot in an upward direction while violently resisting. During this encounter, Lewis was armed with three weapons. After gaining an advantage when the officers retreated toward their vehicle he spun around to square off with them. During the struggle Lewis indicated he had his finger on the trigger and was going to shoot. A large cache of weapons and ammunition was discovered at the scene, most of it stolen. Included in the cache of stolen weapons was an illegally altered shotgun. In addition, the vehicle he was driving was stolen. Lewis also possessed methamphetamine contained in a satchel around his neck. On these facts, the jury's verdict was supported by the evidence and the reasonable inferences that can be drawn therefrom beyond a reasonable doubt.

[¶ 11.] Affirmed.

---

1. The trial court did not enter sentences for the aggravated assault on a law enforcement officer or commission of a felony while armed with a firearm counts. Lewis received two concurrent life sentences without the possibility of parole and one hundred forty-five years in the penitentiary.

2. Lewis' counsel attempted to submit this as a *Korth* brief although he identified an arguably meritorious issue in section A. It is improper to also submit a section B containing client issues when counsel identifies an arguably meritorious issue. In the absence of a properly filed *Korth* brief Lewis' arguments are not properly before the Court. *State v. Arabie*, 2003 SD 57, ¶¶ 10–11, 663 N.W.2d 250, 254.

[¶ 12.]   GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.